UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVE WAYNE POSTIER, | Case No. 10-CV-4963 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Gerald S. Weinrich, WEINRICH LAW OFFICE, for plaintiff.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on plaintiff Steve Postier's objection to the January 30, 2012 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends granting the Commissioner's motion for summary judgment and denying Postier's motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

There is no dispute that Postier is presently disabled; the issue in the case is the date of the onset of that disability. The Administrative Law Judge ("ALJ") found that Postier was disabled as of October 10, 2008. Postier contends that he has been disabled since December 1, 2006. Postier objects that, in making his determination, the ALJ improperly discounted the

opinions of his treating physician, Dr. Duane Bartels, and in particular Dr. Bartels's May 8, 2009 assessment of Postier's residual functional capacity.[1]

Having reviewed the record, however, the Court agrees with Judge Leung that the ALJ's well-reasoned opinion is supported by substantial evidence on the record as a whole and that the ALJ properly discounted Dr. Bartels's opinions. *See Perkins v. Astrue*, 648 F.3d 892, 897-98 (8th Cir. 2011) ("An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." (citation and quotations omitted)); *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009) (ALJ's findings must be affirmed if they are supported by substantial evidence on the record as a whole).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [Docket No. 16], with a minor correction:  The reference to Dr. Bartels's May 2008 opinion in the first full paragraph of page 24 of the R&R should be a reference to Dr. Bartels's May 2009 opinion.

Accordingly, IT IS HEREBY ORDERED THAT:

---

[1]The Court notes that, because the ALJ found that Postier was disabled as of October 2008, it may at first appear that the ALJ's discounting of Dr. Bartels's May 2009 RFC assessment is not particularly relevant.  The ALJ found Postier disabled as of October 10, 2008, however, because that was Postier's 55th birthday.  Thus, there appears to be no dispute that it was not Postier's condition that had changed, but rather the standards under which his condition was assessed.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2; *Phillips v. Astrue*, No. 11-1969, 2012 WL 638056, at *2 (8th Cir. Feb. 29, 2012) (describing the age categories used to determine disability).

1. Plaintiff's motion for summary judgment [Docket No. 9] is DENIED.

2. Defendant's motion for summary judgment [Docket No. 11] is GRANTED.

3. Plaintiff's complaint [Docket No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 7, 2012            s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge